**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>      *Plaintiff*,<br><br>  v.<br><br>**Kajima Development Corporation**, a Delaware Corporation; **Koojuice, Inc.**, a California Corporation; and Does 1-10,<br><br>      *Defendants*. | Case No. 2:19-cv-05589-DMG-GJS<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF THE CASE**<br><br>Honorable Dolly M. Gee<br><br>United States Courthouse,<br>350 West 1st Street<br>Courtroom 8C, 8th Floor<br>Los Angeles, CA, 90012 |

  Defendants, Kajima Development Corporation and Koojuice, Inc. ("**Defendants**"), herewith submit their response to Plaintiff's Statement of the Case as follows:

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case    1
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 1
II. PLAINTIFF'S BARRIER-RELATED CLAIMS ..................................... 2
  1. Plaintiff's Complaint ....................................................................... 2
  2. Plaintiff's Statement of the Case – The So-Called Barrier to *His* Access on a Particular Occasion .................................... 2
  3. There are No Barriers to Access as Described in Plaintiff's Complaint and Statement of the Case ............................ 3
     A. The Table Outside is Compliant .......................................... 4
III. PLAINTIFF'S DEMAND IS BASED ON A CLEAR MISSTATEMENT OF STATE LAW ........................................................ 4
IV. THIS CASE IS THE VERY SORT THAT SHOULD INVITE DISMISSAL .................................................................................. 7
  1. The Purpose of this Court's Early Mediation Program is Clear ............................................................................. 7
  2. Plaintiff's Federal Claims are Moot ................................................ 7
  3. This Court Should Dismiss Plaintiff's State Claims that Clearly Predominate the Action ....................................................... 7
V. DEMAND FOR SETTLEMENT OF THE CASE ..................................... 9
VI. RELIEF UNDER THE ADA EARLY MEDIATION PROGRAM AND BEYOND ..................................................................... 10

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case    ii
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

# I.
# INTRODUCTION

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories. In response to the explosion in the number of ADA cases filed, this District formulated a process for the for the speedy resolution of ADA cases (ADR-20). This District no doubt believed this would encourage "fair, speedy, and economic resolution of civil actions."

Plaintiff, a prolific filer, has surely proven this District wrong. This ADR process has merely become one more weapon – a cudgel – in Plaintiff's arsenal with which to beat a defendant into paying an exorbitant sum in exchange for release from Plaintiff's litigation express on a journey having little to do with removing barriers to access and everything to do with generating tens of thousands in "damages" and even more in attorney fees.

Plaintiff's statement makes clear: Pay him far more than state law provides *and* submit to a motion for attorney fees or Plaintiff will return to the property solely for the purpose of adding more – new – claims that could have been brought at the inception of the case but that were held back for just this very reason, to deny Defendants notice, to allow Plaintiff to move the goal post by adding new claims, to perpetuate litigation, and increase Plaintiff's haul. And all this "cost" Plaintiff was a quick drive-by, a form complaint, and a filing fee.

To be clear, the conditions *vaguely* alleged in Plaintiff's complaint, further described in Plaintiff's statement of the case, if they ever existed, no longer exist.

As set forth further herein, there is no longer a basis for federal relief. This Court should exercise its inherent and statutory powers and dismiss the case. If Plaintiff believes there is a trough from which he and his lawyers are free to feed, let them go to state court where they can make their case for the sums demanded.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case   1
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

## II.

## PLAINTIFF'S BARRIER-RELATED CLAIMS

### 1. PLAINTIFF'S COMPLAINT

Plaintiff claims that he "is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility." (Complaint, ¶1)

To be clear, the *only* described *limitation* relates to *walking*.

In terms of the targeting of Defendant's business, Plaintiff's allegation of purpose is similarly illuminating.

> 10. Plaintiff went to Acai Hero in June 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

Although stated as if on equal footing, being a consumer was at best incidental to acting as self-appointed inspector/bounty hunter. And quite frankly, who goes to a restaurant to "avail himself of its goods" rather than to *eat food*.

In his complaint, he specified only that "tables" were inaccessible. (Complaint, ¶¶12-14).[1] The rest of the complaint amounts to a formulaic recital of the elements of claims no different than any of the hundreds of other complaints filed by this Plaintiff and his attorneys.

### 2. PLAINTIFF'S STATEMENT OF THE CASE – THE SO-CALLED BARRIER TO *HIS* ACCESS ON A PARTICULAR OCCASION

In his statement of the case, Plaintiff further identifies "tables" as meaning an outdoor table and chairs. In that statement is a single exterior photograph of the restaurant that might have been taken by anyone cruising by the restaurant but not actually intending on going in to "avail [oneself] of its goods."

---

[1] Providing clarity that somehow escaped him in the complaint, in his Statement of the Case, he specified the only alleged barrier – *outdoor* seating – but then made quite clear that he intends to return (or have his attorney and/or "inspector" return) in order to find more alleged violations.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Plaintiff makes no attempt to depict any feature on the inside of the restaurant – the one place an actual customer might go to avail himself of the restaurant's goods. Plaintiff did not photograph any interior portion of the restaurant, hardly the work of someone interested in patronizing Defendant's restaurant.

From the foregoing, what emerges is a picture of a Plaintiff more interested in rushing off to the next target rather than stopping to enjoy a meal. In that regard, a more honest statement from Plaintiff might have been as follows:

> 8. Plaintiff flew by Acai Hero in June 2019, stopping to take a picture as he was off to the other businesses in the area, with absolutely no intention of availing himself of its goods that Plaintiff cannot possibly describe having never been inside or made any inquiry, motivated entirely by the desire to confirm some aspect of noncompliance with the disability access laws and then file yet another of the more than three hundred lawsuits filed in this year alone.

To that point, perhaps it would be useful for a court to address the question of whether Plaintiff fails to meet the redressability requirement for Article III standing where the singular purpose of his "visit" is to bring the instant lawsuit. See *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F.Supp.2d 1208, 1219 (S.D. Cal. 2007).

3. **THERE ARE NO BARRIERS TO ACCESS AS DESCRIBED IN PLAINTIFF'S COMPLAINT AND STATEMENT OF THE CASE**

No matter what Plaintiff vaguely described in his complaint and depicted in a single photograph in his statement of the case, as evidenced below, there is no longer any impediment to his actually going inside and being a customer, and then enjoying his meal outside.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case    3
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

### A. The Table Outside is Compliant

As to the one item that seems to be depicted in Plaintiff's one photograph, the restaurant offers compliant table seating outside as evidenced below:



If the only think Plaintiff cares about is compliance, there is no reason for him to return. On the off chance he wants to avail himself of the restaurant's "goods," the only thing stopping him is his all too busy schedule and certainly not any physical condition of the property as described in his complaint.

## III.

## PLAINTIFF'S DEMAND IS BASED ON A CLEAR MISSTATEMENT OF STATE LAW

Having addressed the so-called barriers, Plaintiff gets to the heart of the litigation – his *raison d'être*. As Plaintiff makes quite clear, if this case doesn't settle, he is going on a search and destroy mission. He is going to scour the location looking for more things about which to complain, none of which he previously identified and none of which would seem to relate to his disability or his brief encounter at the location.

As discussed below, Plaintiff is entitled to nothing based on his one picture, certainly not what he demands. But beyond that point, this Court should find Plaintiff's demands disturbing inasmuch as they reveal this and other similar lawsuits as having nothing to do with access and everything to do with money. On that basis, this Court should, as described under the ADA early mediation program, determine the federal claims are moot (in fact non-existent) and dismiss the state claims.

Plaintiff claims he is entitled to automatic penalties against Defendants of

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case   4
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

not less than $4000 *and* $1000 under two separate statutory schemes *and* another $4000 in deterrence damages. Plaintiff is wrong.

A person cannot be held liable for damages under section 54.3 and section 52 pursuant to the same act or failure to act. CAL. CIV. CODE §54.3(c); see also Phyllis W. Cheng, Ann M. Noel, and Susan Saylor, Overview of the Major Statutes and their Interaction, Calif. Fair Housing and Public Accommodations §10:2 (December 2017 Update) ("Although the same discriminatory act may be prohibited by both the DPA and the Unruh Act, a litigant may collect statutory damages under only one statute.")

In terms of damages under the Unruh Act, they are certainly not automatically awarded. Rather, Civil Code section 55.56 provides, in relevant part:

> (a) Statutory damages under either subdivision (a) of Section 52 or subdivision (a) of Section 54.3 may be recovered in a construction-related accessibility claim against a place of public accommodation **only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion**.
>
> (b) A plaintiff is denied full and equal access **only if the plaintiff personally encountered the violation on a particular occasion**, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion.
>
> (c) A violation personally encountered by a plaintiff **may** be sufficient to cause a denial of full and equal access **if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation**.

Further, section 55.56 explicitly requires that a plaintiff demonstrate that the allegedly offending condition result in a denial of access; this was made clear in *Mundy v. Pro-Thro Enterprises*, 192 Cal. App. 4th Supp. 1 (2011). There, the court, affirming the trial court's judgment in favor of defendant, stated:

> "to prevail on the Act claim, appellant was **required to prove** that he was denied full and equal access after personally encountering an ADA violation."

(emphasis added). Affirming the judgment in favor of defendant, the appellate

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case     5
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

division court found that "Appellant was not entitled to a judgment, because he failed to present any evidence under section 55.56."

In *Reycraft v. Lee*, 177 Cal. App. 4th 1211 (2009), the Court explained the requirement of standing in the context of disability-based claims for damages.

> Plaintiff's attempt to equate a denial of equal access with the presence of a violation of federal or state regulations would nullify the standing requirement of section 54.3, since any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3. …"

*Reycraft* at 1223 (emphasis added), quoting *Urhausen v. Longs Drug Stores California, Inc.*, 155 Cal.App.4th 254, 265–266 (2007). See, also *Garcia v. Summerville Properties, LP*, Los Angeles App. Division BV028645 (October 26, 2010) (denying damages)

If Plaintiff cannot demonstrate conditions that cause a <u>denial</u> of full and equal access, he cannot recover damages even where conditions do not comply with construction standards whether under the Federal ADA or California accessibility standards.

In terms of "deterrence," Plaintiff must prove both

> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.

> (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

Moreover, Plaintiff's threat to "be seeking damages for on-going deterrence" is nothing more than his claiming an existential desire to patronize (or monitor) for the purpose of adding more and more iterations of his $4000 damages.

Driving by and taking a picture of the outside of a restaurant does not come

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case    6
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

close to demonstrating that Plaintiff was denied access, whether on a particular occasion or existentially.

## IV.
## THIS CASE IS THE VERY SORT THAT SHOULD INVITE DISMISSAL

**1. THE PURPOSE OF THIS COURT'S EARLY MEDIATION PROGRAM IS CLEAR**

As noted above, the purpose of this Court's ADA Early Mediation Program is to minimize costs to the parties while addressing barrier removal where appropriate. As stated at ADR-20 page 3:

> A plaintiff's federal claims may become moot if a defendant voluntarily remedies conditions alleged to be in violation of the ADA and/or ADAAG. In such a case, a defendant who voluntarily remedies all ADA and ADAAG violations without being ordered to do so may obtain dismissal of the claims. Moreover, in some instances, such voluntary action by a defendant may negate a plaintiff's entitlement to attorney fees. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605-06 (2001) (superseded by statute on other grounds).

**2. PLAINTIFF'S FEDERAL CLAIMS ARE MOOT**

Even giving every favorable indulgence to the documents filed by Plaintiff and his counsel and disregarding the untenable if not dubious nature of those claims, this Court can find that the federal claims are moot.

**3. THIS COURT SHOULD DISMISS PLAINTIFF'S STATE CLAIMS THAT CLEARLY PREDOMINATE THE ACTION**

As noted above, Plaintiff's reasons for filing suit appear to have little to do with barrier removal. Rather, as so succinctly stated in his Statement of the Case, if he doesn't get his $8000 and if his attorneys don't get their fee motion (meaning not only fees "incurred" to date but more for the motion," they will ruthlessly pursue further litigation, running up damages (for lots of future visits and deterrence) and fees.

Courts within this District have come to realize that ADA litigation has

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case     7
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

taken a very disturbing turn. As succinctly stated by Judge Anderson in *Le v. Luis Ramallo*, 2:19-cv-04507-PA-SK in his order dismissing the state claim:

> The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. ==The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.==

Order, September 165, 2019, Doc. 20 (emphasis added).

Mr. Whitaker can rightly take pride in the fact that he alone is responsible for a significant number of those cases. A search of records of cases filed in this District alone as of August 23, 2019 reveals the following numbers filed by this particular Plaintiff:

| BRIAN WHITAKER CASES | | |
|---|---|---|
| Year | Cases Filed | Cases Closed |
| 2014 | 5 | 5 |
| 2015 | 5 | 5 |
| 2016 | 5 | 5 |
| 2017 | 10 | 10 |
| 2018 | 77 | 75 |
| 2019 | 338 | 88 |
| Grand Total | 440 | 188 |

Of the number for 2019, 196 of the 338 were in the first two quarters.

As further explained by Judge Anderson in his ruling:

> "Federal courts may properly take measures to discourage forum-shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds this to be a compelling reason to decline supplemental jurisdiction."

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case     8
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

Order at pg. 7, quoting *Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1031 (S.D. Cal. 2017) (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)).

Here, Plaintiff's track record of suing-and-settling could not be more apparent. Moreover, as noted above, Plaintiff and his counsel seem to have serious problems interpreting rather well-defined state law regarding how damages are calculated.

As was further expressed in Judge Anderson's order dismissing the state claim,

> [T]here is no relief available to [plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

Order at pg 7-8, quoting Alessio Leasing, 2019 WL 1546950, at *4.

To the extent what Plaintiff and his counsel really seek are to create a new interpretation of state law more to their profit, they should seek such a radical shift in statutory interpretation in a court more suited jurisdictionally to the task.

## V.

## DEMAND FOR SETTLEMENT OF THE CASE

Defendants expect Plaintiff to acknowledge that his federal claim cannot be maintained. Defendants expect Plaintiff to recognize that the sole basis for further litigation is his pursuit of money to which he is not entitled. Defendants expect this case can be settled for an amount recognizing the foregoing.

/ / /

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case    9
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

# VI.

## RELIEF UNDER THE ADA EARLY MEDIATION PROGRAM AND BEYOND

Defendants hope this Court will recognize the seriousness threat to the orderly administration of justice occasioned by the practices of a few plaintiffs and their lawyers, including those involved in the prosecution of this case, that have prompted the response of at least five judges in this District calculated to restore balance between the federal and state courts.

Dated: September 16, 2019     LAW OFFICES OF STEPHEN ABRAHAM

By: ＿＿＿/s/ Stephen E. Abraham＿＿＿＿
     Stephen E. Abraham
     Attorney for Defendants

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case         10
DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CASE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On September 16, 2019, I served the foregoing document described as: **DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF THE CASE** thereon on all interested parties in this action as follows:

Chris Carson                                                    Representing Plaintiff
Ray Ballister, Jr.
Phyl Grace, Esq.
Dennis Price, Esq.
P.O. Box 262490
San Diego, CA 92196-2490
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
e-Mail: phylg@potterhandy.com

[x]     **e-Filing pursuant to Court order**

Executed on September 16, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Stephen E. Abraham
Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Koojuice - Ds' Resp re P's Statement of Case

PROOF OF SERVICE