1 | **Law Offices of Stephen Abraham**
2 | Stephen E. Abraham, Esq. (State Bar No. 172054)
  | stephen@abraham-lawoffices.com
3 | 1592 Pegasus Street
  | Newport Beach, California 92660
4 | Telephone: (949) 878-8608
  | Facsimile: (714) 852-3366

5 | Attorney for Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Brian Whitaker**,

*Plaintiff*,

v.

**Kajima Development Corporation**, a Delaware Corporation; **Koojuice, Inc.**, a California Corporation; and Does 1-10,

*Defendants*.

Case No. 2:19-cv-05589-DMG-GJS

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS**

Honorable Dolly M. Gee

United States Courthouse,
350 West 1st Street
Courtroom 8C, 8th Floor
Los Angeles, CA, 90012

Date:  Friday, January 31, 2019
Time:  3:00 p.m.
Court: 8C

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ................................................................ 1

II. RELEVANT FACTS .......................................................................................... 2

    1. The Alleged Visit and Commencement of the Suit ............................... 2

    2. Alleged Barriers are Removed ............................................................... 2

    3. The Property as it Exists Now ............................................................... 3

        A. Inspections of the Property ......................................................... 3

        B. Conditions Alleged in the Complaint (Doc. 1) as Further Identified in Plaintiff's Statement of the Case (Doc. 16) ........................................................................................ 3

            1. Exterior Table (Complaint ¶14) – COMPLIANT ............................................................................ 3

        C. There are *No* Remaining Noncompliant Conditions ................. 4

III. DISCUSSION ................................................................................................... 4

    1. The Federal ADA Claim is Moot as to Conditions Alleged in the Complaint ........................................................................ 4

        A. Federal Courts Only Hear Actual Cases or Controversies ............................................................................... 4

        B. There is no Longer any Basis for Relief under the ADA ............................................................................................ 5

            1. There must be a *Continuing* Right to Injunctive Relief ........................................................................................ 5

            2. Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions ..................................................... 6

    2. Plaintiff's Refusal to Acknowledge the Barrier Removal is Unreasonable ................................................................. 7

    3. This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Claims ................................... 7

        A. Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case ............................................................................... 7

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

    B.    State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case ................................................................................................. 10

    C.    State Court Provides a More Efficient Forum for Plaintiff's State Law Claims ....................................................... 11

**IV. CONCLUSION** ................................................................................................. 12

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ      ii

**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*BC by & Through Powers v. Plumas Unified Sch. Dist.*,
 192 F.3d 1260 (9th Cir. 1999) ............................................................................. 4

*Carnegie–Mellon Univ. v. Cohill*,
 484 U.S. 343 (1988) ............................................................................................ 9

*City of Chicago v. Int'l College of Surgeons*,
 522 U.S. 156 (1997) ............................................................................................ 8

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983) .............................................................................................. 6

*County of Los Angeles v. Davis*,
 44 U.S. 625 (1979) .............................................................................................. 5

*Dufresne v. Veneman*,
 114 F.3d 952 (9th Cir. 1997) ............................................................................... 6

*Earll v. eBay, Inc.*,
 5:11-cv-00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) ................. 10

*Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
 24 F.3d 1545 (9th Cir.1994) ................................................................................ 9

*Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*,
 24 F.3d 1545 (9th Cir. 1994) ............................................................................... 9

*Flast v. Cohen*,
 392 U.S. 83 (1968) .............................................................................................. 4

*Gingerich v. White Pigeon Community Schs.*,
 736 F.Supp. 147 (W.D.Mich.1990) .................................................................... 9

*Independent Living Resources v. Oregon Arena Corp.*,
 982 F.Supp. 698 (1997) ....................................................................................... 6

*Lentini v. Cal. Ctr. for the Arts, Escondido*,
 370 F.3d 837 (9th Cir. 2004) ............................................................................. 10

*Lewis v. Continental Bank Corp.*,
 494 U.S. 472 (1990) ............................................................................................ 4

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ............................................................................................ 5

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ                                iii

**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Moeller v. Taco Bell Corp.*,
  No. C02-05849, 2007 WL 2301778, at *6 (N.D.
  Cal. Aug. 8, 2007) .................................................................................. 10

*Moreno v. G&M Oil Co.*,
  88 F.Supp.2d 1116 (C.D. Cal. 2000) ......................................................... 6

*Munson v. Del Taco, Inc.*,
  46 Cal. 4th 661 (2009) ............................................................................. 10

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ................................................................................... 6

*Org. for Advancement of Minorities with Disabilities v.
  Brick Oven Rest.*,
  406 F. Supp. 2d 1120 (S.D. Cal .2005) ...................................................... 9

*Pickern v. Best Western Cove Lodge Marina Resort*,
  194 F.Supp.2d 1128 (E.D. Cal. 2002) .................................................. 6, 8

*Rogers v. Irvine Co. LLC*,
  No. SA CV 13-0638-DOC(ANx), 2014 WL
  2865699 (C.D. Cal June 24, 2014) ....................................................... 9, 10

*San Pedro Hotel Co., Inc. v. City of L.A.*,
  159 F.3d 470 (9th Cir. 1998) ..................................................................... 9

*Steir v. Girl Scouts of the USA*,
  383F.3rd 7 (1st Cir. 2004) ......................................................................... 4

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) .............................................................................. 8, 10

*Wander v. Kaus*,
  304 F.3d 856 (9th Cir. 2002) ........................................................... 5, 8, 11

**FEDERAL STATUTES**

28 U.S.C. §1332 .................................................................................................. 8

28 U.S.C. §1367 .................................................................................................. 8

42 U.S.C. § 12188 ............................................................................................... 5

**FEDERAL TREATISES**

15 MOORE'S FEDERAL PRACTICE § 102.32 ........................................................ 4

**STATE STATUTES**

CAL. CIV. CODE §52 .......................................................................................... 11

CAL. CIVIL CODE §52.2 ..................................................................................... 11

CAL. CODE CIV. PROC. §1033 ........................................................................... 11

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ                          iv
**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

# I.
# INTRODUCTION AND SUMMARY

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories. Defendants' motion is premised on the following grounds: Plaintiff alleged that he went to a restaurant in June 2019. (Complaint, ¶10) He claimed that he would like to return but there is no evidence that he ever has. But, after all, pleading requirements being what they were, he needed to allege as much to justify commencing this lawsuit. He claimed to want barriers removed but aside from the few alleged in his complaint could not identify any others.

On August 9, 2019, this Court stayed the litigation pending completion of early mediation pursuant to the Court's ADR Program ("ADR 20"). As set forth in the Notice to Parties

> Within fourteen (14) days of the date of the Order Staying Action and Requiring Early Mediation, Plaintiff must file with the Court and serve on Defendant a statement that includes: 1) a list of specific conditions that he or she believes violate the ADA; and 2) an itemized list of damages and, for each item, the amount sought.

On August 23, 2019, Plaintiff filed his statement of the case (Doc. 16). The *only* barrier alleged was the absence of an accessible table at the exterior of the restaurant.

Defendants, in response, on September 16, 2019, filed their Response to Plaintiff's Statement of Case (Doc. 19). In that Response, Defendants demonstrated that the claim was moot – that one of the two tables at the exterior of the restaurant was now accessible.

After mediation was unsuccessful, Defendants gave notice of intent to move for summary judgment and sought to meet and confer in order to avoid the expense of proving to this Court what Plaintiff and his counsel had known for months. Unfortunately, Plaintiff did not agree though providing no factual basis for continuing to pursue the federal claim, thereby necessitating this motion.

The conditions of which Plaintiff complains in his complaint no longer exist.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ                    1
P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

As such, the federal claim and, therefore, the sole basis for asserting federal jurisdiction is **_moot_**.

As to the remaining state law claims, this Court has the power to adjudicate them but, in the exercise of its power, may decline to do so where there are compelling reasons to have claims over which state law predominates adjudicated by state courts and no reasons to try such claims in this Court.

## II.
## RELEVANT FACTS

**1. THE ALLEGED VISIT AND COMMENCEMENT OF THE SUIT**

Plaintiff filed his complaint against Defendants on June 26, 2019. He _alleged_ that he went to Defendants' property – a restaurant at 134 Astronaut Ellison S. Onizuku, Los Angeles, California ("**Property**") – on some day vaguely alleged as "June 2019." (Complaint, Doc. 1, ¶10) and found conditions that allegedly caused Plaintiff "difficulty, discomfort and embarrassment."[1] (_Id._, ¶17). He devoted the majority of his narrative of "factual allegations" to the lack of accessible tables. (_Id._, ¶14). He also alleged that there might be other violations but would later amend the complaint to add them. (_Id._, ¶¶20-21). He subsequently sued, not only claiming the one encounter but deterrence.

Plaintiff has made no attempt to amend his complaint prior to notice to Plaintiff's counsel of Defendants' intention to move for summary judgment. Moreover, as noted above, in Plaintiff's Statement of the Case (Doc. 16), while required to identify _all_ barriers, the _only_ barrier stated was the absence of an accessible table at the exterior of the restaurant.

**2. ALLEGED BARRIERS ARE REMOVED**

In August of 2019, Defendants caused one of the two exterior tables to be replaced with an accessible table. [**DF 2**]

---

[1] Amply demonstrating Plaintiff's ability to parrot without stating any facts regarding the pleading standard for an Unruh Act claim.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ    2
**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

### 3. THE PROPERTY AS IT EXISTS NOW

As noted above, all of the allegedly non-compliant conditions identified by Plaintiff have been eliminated.

#### A. Inspections of the Property

Craig Lobnow is a California state Certified Access Specialist (CASp #634), the principal consultant for ProCASp, has over 25 years of construction management and inspection experience. [**DF 3**] Lobnow is familiar with Plaintiff's claims in the above captioned matter and reviewed the Complaint filed in the action. [**DF 4**] Lobnow conducted two inspections of the restaurant identified as Acai Hero, located at 134 Astronaut Ellison S. Onizuku, Los Angeles, California For each inspection, he prepared a report. [**DF 5**] Lobnow conducted inspections and prepared reports as follows: Site Accessibility Evaluation dated July 17, 2019, Inspection Date of July 16, 2019. [**DF 6**]; Site Accessibility Evaluation dated December 20, 2019, Inspection Date of July 26, 2019, excerpts of which accompany Defendants' moving papers as Exhibit 1. [**DF 7**] As to each report, Lobnow personally conducted the inspections and took the measurements. [**DF 8**]

Based upon Lobnow's inspection and report, the elements of the Restaurant identified in Plaintiff's complaint are compliant under the federal and state accessibility standards. [**DF 9**]

#### B. Conditions Alleged in the Complaint (Doc. 1) as Further Identified in Plaintiff's Statement of the Case (Doc. 16)

##### 1. Exterior Table (Complaint ¶14) – COMPLIANT

The Complaint alleges noncompliance based on the claim that of two exterior tables, neither is accessible to wheelchair-bound patrons. [**DF 10**] Plaintiff's Statement of the Case identifies the non-accessible table as being a table located at the exterior of the restaurant. [**DF 11**] This alleged barrier was removed in August 2019 when one of the two exterior tables was replaced with an accessible table. [**DF 12**] Lobnow confirmed that the exterior table meets requirements for accessibility. [**DF 13**] He also confirmed that the interior tables

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ    3

P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

meet requirements for accessibility. [DF 14]

### C. There are <u>No</u> Remaining Noncompliant Conditions

There are no other noncompliant conditions alleged by Plaintiff in his Complaint or Plaintiff's Statement of the Case. Based on the foregoing, Plaintiff's claims are moot (if they ever existed).

The foregoing facts address all of grounds for Plaintiff's federal claim.

## III.
## DISCUSSION

### 1. THE FEDERAL ADA CLAIM IS MOOT AS TO CONDITIONS ALLEGED IN THE COMPLAINT

#### A. Federal Courts Only Hear Actual Cases or Controversies

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317 F. 3rd 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed. As part of the actual case or controversy requirement, he must maintain a personal interest in the outcome throughout the litigation (15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.)), or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383F.3rd 7, 18 (1st Cir. 2004); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest,

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ     4

**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complained of; and (3) <u>likelihood that a favorable decision will redress the wrong</u>. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendants must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, there is no "live" interest supporting retention of federal jurisdiction.

### B. There is no Longer any Basis for Relief under the ADA

#### 1. There must be a <u>Continuing</u> Right to Injunctive Relief

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), that <u>only</u> provides for injunctive relief to private parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "<u>being</u> subjected to discrimination on the basis of disability ... or ... has reasonable grounds for believing [he] is <u>about to be</u> subjected to discrimination." *Id.* at (a)(1) (emphasis added). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendants' premises.

Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "reasonable grounds" for being deterred from Defendants' plaza based on the conditions of the plaza because those prior conditions do not exist (if they indeed ever did); and (2) Plaintiff cannot show that he still intends to return to Defendants' plaza and is <u>currently</u> deterred from doing so.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "<u>continuing, present adverse effects</u>"

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ         5
**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

and a plaintiff shows that "*there is a real and immediate threat of repeated injury*." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974). In this case, Plaintiff's complaint alleges injury in the form of deterrence and seeks injunctive relief to remedy the same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea*, 414 U.S. at 495-496.

The facts in support of this motion demonstrate that the cause of the injury is gone and not likely to return or reoccur. The parking lot, including parking spaces and access aisle, is compliant. Ramps and curb cuts are compliant. Accordingly, there is no need for this court to issue any injunctive relief – certainly not as relates to these Defendants – as there is no *reasonable* possibility that Plaintiff will be the subject of discrimination as alleged.

### 2. Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002). There are no reasonable grounds for fear by Plaintiff that there are or will be any barriers proscribed under the ADA – if there ever were.

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and *remains deterred*." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

There is no case or controversy here where the entirety of the claim assumes that a condition that does not exist.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

01-1 - D's PA iso MSJ  6

P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### 2. PLAINTIFF'S REFUSAL TO ACKNOWLEDGE THE BARRIER REMOVAL IS UNREASONABLE

Under the Court's Early Mediation Program, Plaintiff is required to identify all barriers and Defendants are required to address them. ADR-20 sets forth as follows on the procedure and consequence:

PROCEDURE AFTER A STAY IS IMPOSED

Within fourteen (14) days of the date of the Order Staying Action and Requiring Early Mediation, Plaintiff must file with the Court and serve on Defendant a statement that includes: 1) <u>*a list of specific conditions that he or she believes violate the ADA*</u>; and 2) an itemized list of damages and, for each item, the amount sought. <u>*If Defendant remedies the violation(s) identified by Plaintiff, or if Defendant asserts that no violation exists, the Defendant will be required to provide evidence showing the correction or absence of the alleged violation(s).*</u> Defendants with Certified Access Specialists ("CASp") inspection reports may use those reports to rebut Plaintiff's allegations and could be entitled to other protections if Plaintiff has asserted claims under California law. Information about CASp inspections is available from the State of California Department of General Services website. See http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx (last accessed August 16, 2016).

VOLUNTARY ACTION TO REMEDY
ADA ACCESS VIOLATIONS

A plaintiff's federal claims may become moot if a defendant voluntarily remedies conditions alleged to be in violation of the ADA and/or ADAAG. In such a case, a defendant who voluntarily remedies all ADA and ADAAG violations without being ordered to do so may obtain dismissal of the claims. Moreover, in some instances, such voluntary action by a defendant may negate a plaintiff's entitlement to attorney fees. See *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605-06 (2001) (superseded by statute on other grounds).

(emphasis added)

Plaintiff identified one barrier; Defendants offered evidence that the alleged barrier was removed. Plaintiff has now refused to acknowledge as much, forcing Defendants to move for summary judgment and to incur fees needlessly.

### 3. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE CLAIMS

#### A. Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case

Section 1367(c)(4) allows a district court to use its discretion to decline to

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

01-1 - D's PA iso MSJ 7

P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 29 U.S.C. §1367(c)(4). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). Subject matter jurisdiction over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

There are compelling reasons for declining to exercise supplemental jurisdiction over these state law claims, which seek remedies that Congress clearly intended to preclude under the ADA. The fact that an ADA violation may serve as an element of state law claim does not automatically confer federal question jurisdiction. *Pickern*, *supra*, 194 F.Supp.2d at 1131. "Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief." 42 U.S.C. §12188(a)(2). *Id.* Plaintiff's remaining claims do not present a federal question. *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (ADA-based state law claims seeking damages do not give rise to federal question jurisdiction). Nor is there a claim of diversity jurisdiction with attendant minimum amount in controversy. *See* 28 U.S.C. §1332. Where the only federal claim-based cause of action is moot and should be dismissed, comity and fairness strongly favor dismissal of the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them the surer-footed reading of the law.")

The Court may consider whether declining to exercise jurisdiction serves the principles of economy, convenience, fairness and comity. *City of Chicago*, *supra*, 522 U.S. at 172-3 (1997). The principle of comity strongly favors dismissing the state law claims. See *Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ 8

P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

of state law are presented, though, considerations of judicial economy are not determinative.") (quoting *Gingerich v. White Pigeon Community Schs.*, 736 F.Supp. 147, 149-51 (W.D.Mich.1990)).

In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (quoting *Exec. Software*, 24 F.3d at 1557).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As one court observed:

> State court is no less convenient than the instant forum, and it certainly not unduly burdensome or unfair to dismiss a case that, while advanced in stage, has required almost no actual litigation. Comity weighs strongly in favor of dismissal, given the fact that only state law claims remain, and these issues potentially raise important questions of California law. See *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal .2005).

*Rogers v. Irvine Co. LLC*, No. SA CV 13-0638-DOC(ANx), 2014 WL 2865699, at *2 (C.D. Cal June 24, 2014)

The case is in the relatively early stages. The only activity was related to attempts at mediation. Plaintiff can hardly claim that he is deeply invested in litigating in this forum.

"This is thus not a situation in which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a

complex factual situation." *Rogers* at *2. This is not a situation where familiarity with complex factual situations has already been developed. There can be no showing of extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

### B. State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case

Plaintiff's state-law claims substantially predominate over Plaintiff's ADA claim. Firstly, California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards. See *Moeller v. Taco Bell Corp.*, No. C02-05849, 2007 WL 2301778, at *6 (N.D. Cal. Aug. 8, 2007) ("A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act.").

Secondly, Plaintiff's timing strongly suggests that he had little interest in removing barriers – giving no notice of his concerns at any time prior to filing the complaint. On that basis, the real interest demonstrated by Plaintiff's timing and his attorney's actions were in pursuing monetary claims and fees, matters best left to state court.

Thirdly, Plaintiff alleges intentional disability discrimination (Complaint, ¶22) ("obvious and blatant nature of the barriers"), a claim unnecessary to his ADA claim. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004); see *Earll v. eBay, Inc.*, 5:11-cv-00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Determination of intentional discrimination entails application of state-law standards. See *id*. Accordingly, a determination of Defendants' liability for state-law disability discrimination involves predominantly state-law issues. Cf. *Gibbs*, 383 U.S. at 726 (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ       10

**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals")

Finally, Plaintiff's state-law claims provide more expansive remedies than Plaintiff's ADA claim. Plaintiff seeks damages unavailable under the ADA, but available under the Unruh Civil Rights Act. Compare *Wander*, 304 F.3d at 858 (noting that damages are not available under Title III of the ADA) with CAL. CIV. CODE §52(a) (authorizing damages under the Unruh Civil Rights act).

### C. State Court Provides a More Efficient Forum for Plaintiff's State Law Claims

California Civil Code §52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under Civil Code §52 and §54.3. Additionally, California Code of Civil Procedure §1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000. (CAL. CODE CIV. PROC. §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). Given the existence of this "tiered" system of litigation in state court, it would likely be less costly to the parties if Plaintiff's state-law claims are litigated in state court.

/ / /

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

01-1 - D's PA iso MSJ                 11
**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

# IV.
# CONCLUSION

If this lawsuit is about removing barriers, they were removed. If it is about litigating state claims, the better question is perhaps whether this Plaintiff should have brought them in the first instance.

For the foregoing reasons, Defendants respectfully submit that their motion for partial summary judgment as to Plaintiff's federal claim be GRANTED and that this Court DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION.

Dated: December 27, 2019     LAW OFFICES OF STEPHEN ABRAHAM

By: ____/s/ Stephen E. Abraham____
Stephen E. Abraham
Attorneys for Defendants

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

01-1 - D's PA iso MSJ       12
**P&A ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On December 27, 2019, I served the foregoing document described as: **POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS** thereon on all interested parties in this action as follows:

Raymond G. Ballister  Representing Plaintiff
Phyl Grace
8033 Linda Vista Road Suite 200
San Diego CA 92111
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
e-Mail: phylg@potterhandy.com

[x]   **e-Filing pursuant to Court order**

Executed on December 27, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

　　　　　　　　　　　　　　　　/s/ Stephen E. Abraham
　　　　　　　　　　　　　　　　Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

01-1 - D's PA iso MSJ

PROOF OF SERVICE